UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                          Plaintiff,<br><br>v.<br><br>ADRIAN LARA,<br><br>                                          Defendant. | Case No.: **14-cr-215-5-GPC**<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>**[ECF No. 275]** |

Defendant Adrian Lara has filed a motion seeking a reduction of his sentence to time served with Probation-monitored home confinement under 18 U.S.C. § 3582(c). ECF No. 275. The Government opposes. ECF No. 281 ("Opp."). For the reasons that follow, Lara's motion is DENIED.

**I.   BACKGROUND**

Lara was convicted by guilty plea of one count of Conspiracy to Distribute a Controlled Substance (Methamphetamine and Heroin) in violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF No. 78. Lara was sentenced to a term of imprisonment of 120 months, followed by 5 years of supervised release. ECF No. 157. Lara is currently serving his sentence at the Federal Correctional Institution, Englewood ("FCI Englewood") in Colorado. Opp. at 2. Ruiz has served about 84 months of his sentence,

1

and has approximately eight months remaining before his projected release date of January 5, 2022. ECF No. 293 at 3; Opp. at 2.

Lara was diagnosed with Stage IV diffuse large cell lymphoma in 2016. ECF No. 293 at 4. In May 2017, doctors told him his cancer was in remission. *Id.* He continues to receive regular hematology appointments to monitor the status of his cancer. *Id.* He has a BMI between 28.97 and 30.[1] *Id.*; *see also* Opp. at 6. He contracted COVID-19 in late 2020, soon after turning 41. *Id.*

## II.   DISCUSSION

Lara now moves for release under 18 U.S.C. § 3582(c)(1)(A), which provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to

---

[1] In medical records from December 2020, Lara was reported to be 67 inches tall and weigh 185 pounds, which yields a BMI of 28.97. ECF No. 293 at 7; Gov. Exh. 7 at 17. Other medical records from the past year show Lara's weight to be 193 pounds, which would place him at a BMI of 30. *Id.*; Gov. Exh. 7 at 2, 13, 16, 30.

2

the safety of any other person or the community, as provided under section 3142(g);

. . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, there are two questions before the Court: first, whether Lara has satisfied the administrative exhaustion requirement, and second, whether Lara has demonstrated extraordinary and compelling reasons for a sentence reduction.

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, "amends numerous portions of the U.S. Code to promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019) (citing Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019)). One of the changes resulting from the Act is that it "allows defendants, for the first time, to petition district courts directly for compassionate release." *Id*. As one district court explained:

> The effect of the amendments is that a district judge has the ability to grant a prisoner's motion for compassionate release even in the face of BOP opposition or its failure to respond to a prisoner's request for compassionate release in a timely manner. . . . Congress's express purpose in implementing these changes was to expand the use of compassionate release sentence reductions under § 3582(c)(1)(A). *See, e.g.,* First Step Act, PL 115-391, 132 Stat 5194, 5239 (titling the subsection amending § 3582, "Increasing the Transparency and Use of Compassionate Release"); 164 Cong. Rec. S7314- 02, 2018 WL 6350790 (Dec. 5, 2018) (statement by Senator Cardin, cosponsor of the First Step Act, noting that its purpose was to "expand[s] compassionate release" and "expedite[] compassionate release applications").

*United States v. Young*, No. 2:00-CR-00002-1, 2020 WL 1047815, at *5 (M.D. Tenn. Mar. 4, 2020); *see also United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *4 (D. Utah Feb. 18, 2020) ("[O]ne of the express purposes of the First Step Act was to increase the use and transparency of compassionate release.").

\ \ \

3

### A. Exhaustion Requirement

Section 3582(c)(1)(A) imposes an exhaustion requirement requiring a defendant to fully exhaust all administrative rights to appeal before a defendant may move the court for release. The parties agree that Lara has met the exhaustion requirement because he filed this motion over 30 days after his requesting compassionate release from FCI Englewood. Opp. at 9 n.8; ECF No. 293 at 5. Accordingly, the Court can consider the merits of Lara's motion.

### B. Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) permits a sentence reduction only upon a showing of "extraordinary and compelling reasons," and only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 1B1.13 of the Sentencing Guidelines further explains that a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) may be ordered where a court determines, "after considering the factors set forth in 18 U.S.C. § 3553(a)," that:

(1) (A) Extraordinary and compelling reasons warrant the reduction; or

. . .

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

Application Note 1 to this Guidelines provision enumerates certain circumstances constituting "extraordinary and compelling reasons" that justify a sentence reduction, including certain serious medical conditions, advanced age, certain family circumstances, or some "other" reason "[a]s determined by the Director of the Bureau of Prisons." The Note specifies that "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" constitutes "extraordinary and compelling reasons" which justify compassionate release. While the

Court's decision is guided by this policy statement, a number of district courts have found that the amended Section 3583(c)(1)(A)(i) grants courts independent discretion to determine whether a defendant has provided extraordinary and compelling reasons for a reduction of their sentence. *United States v. Decator*, 452 F. Supp. 3d 320, 324 (D. Md. 2020), *aff'd sub nom. United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020); *see also United States v. Redd*, 444 F. Supp. 3d 717, 724–25 (E.D. Va. 2020).

Lara argues that he remains vulnerable to serious illness from COVID-19 because he is overweight and because his previous experience with cancer has weakened his immune system. ECF No. 293 at 5. The Government contends that Lara's being overweight and his prior cancer diagnosis and do not constitute an extraordinary and compelling circumstances. Opp. at 17.

Several studies have indicated that patients with active cancer die from COVID-19 at "significantly higher rates" than those in the general population. *See, e.g.*, *New Study Confirms Patients with Cancer or in Remission Have Higher Death Risk from COVID-19*, KHN (May 29, 2020), https://khn.org/morning-breakout/new-study-confirms-patients-with-cancer-or-in-remission-have-higher-death-risk-from-covid-19/. Some studies have also shown that patients with previous cancer diagnoses who were not actively undergoing treatment also faced a higher risk of suffering from severe illness or death as a result of contracting COVID-19. *Patients in Cancer Remission at High Risk for Severe COVID-19 Illness*, Penn Medicine (Jan. 21, 2021), https://www.pennmedicine.org/news/news-releases/2021/january/patients-in-cancer-remission-at-high-risk-for-severe-covid19-illness; *see also* Sara Bondell, *How Does COVID-19 Affect Cancer Survivors?*, Moffit Cancer Center (Jan 4, 2021), https://moffitt.org/endeavor/archive/how-does-covid-19-affect-cancer-survivors/ (discussing the results of a UK study that "found substantially raised risks of COVID-19 mortality amongst individuals with prior hematological cancer persisting for at least five years and smaller raised risks for those with a history of solid tumors up to five years

from diagnosis."). *But see* Sylvain Lamure et al., *Determinants of Outcome in Covid-19 Hospitalized Patients with Lymphoma: A Retrospective Multicentric Cohort Study*, EC<small>LINICAL</small> M<small>EDICINE</small> (Oct. 13, 2020), https://www.thelancet.com/action/showPdf?pii=S2589-5370%2820%2930293-5 (finding that lymphoma patients younger than 70 who were hospitalized due to COVID "had outcomes . . . comparable to those of the non-cancer population").

However, some studies suggest that the connection between in-remission cancer and severe COVID-19 symptoms may be largely correlative rather than causative. The Centers for Disease Control and Prevention ("CDC") states having a history of cancer may increase one's risk of suffering from severe illness from COVID-19. CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Other research indicates that the risk of suffering from severe illness from COVID-19 faced by people who previously had cancer may be associated with having other conditions that are risk factors for COVID-19. Cancer survivors who present with comorbidities associated with poor COVID-19 prognoses could be at increased risk of complications from the virus. *See* Helena Carreira et al, *Prevalence of COVID-19-related Risk Factors and Risk of Severe Influenza Outcomes in Cancer Survivors: A Matched Cohort Study Using Linked English Electronic Health Records Data*, EC<small>LINILCAL</small>M<small>EDICINE</small> (Nov. 5, 2020), https://www.thelancet.com/action/showPdf?pii=S2589-5370%2820%2930400-4. Compared with the general population, cancer survivors tend to suffer from more of these comorbidities. *See id.* at 4 ("At 5-years after diagnosis, cancer survivors overall had slightly higher prevalence of all [COVID-19] risk factors except heart disease and neurological conditions . . . ."). Overall, based on the currently available research, the relationship between a past cancer diagnosis and severe COVID-19 outcomes is uncertain.

Several courts to have considered the issue have determined that having a history of cancer, by itself, does not constitute an extraordinary and compelling reason for compassionate release. *E.g.*, *United States v. Gadsen*, No. 2:09-305, 2021 WL 195267, at *6 (W.D. Pa. Jan. 20, 2021) (finding that history of Hodgkin's lymphoma was not a condition that present grounds for compassionate release); *United States v. Wilson*, No. CR 14-209-1, 2020 WL 7872628, at *4 (E.D. Pa. Dec. 31, 2020) (finding that in-remission cancer with no continuing issues did not present extraordinary and compelling reasons for compassionate release); *United States v. Loomis*, No. 18-30020, 2020 WL 3868387, at *2 (C.D. Ill. July 9, 2020) (denying motion for compassionate release filed by defendant with cancer in remission). Courts that have recognized a past cancer diagnosis as an extraordinary and compelling reason have tended to do so when the defendant presented other risk factors for COVID-19. *E.g.*, *United States v. Campbell*, No. 2:17-CR-0166, 2020 WL 6709899, at *2 (S.D. Ohio Nov. 16, 2020) (noting that defendant had diabetes, was overweight, and had previously been diagnosed with Hodgkin's lymphoma, and finding extraordinary compelling reasons for release); *United States v. Scarpa*, No. 94-cr-1119-1 (ERK), 2020 WL 6591455, at *1–3 (E.D.N.Y. Nov. 11, 2020) (taking into account defendant's in-remission cancer and complications, in addition to a "slew of other ailments," in granting compassionate release); *United States v. Yellin*, No. 3:15-CR-3181-BTM-1, 2020 WL 3488738, at *2, 4 (S.D. Cal. June 26, 2020) (granting compassionate release to 76-year-old with hypertension, diabetes, heart disease, low-grade progression of lymphoma, and in-remission prostate cancer due to age and combination of underlying conditions).

As an otherwise healthy 41-year-old who was diagnosed with cancer several years ago, Lara does not present with particular comorbidities related to his cancer that make him especially susceptible to suffering severe effects of COVID-19. Lara's cancer has remained in remission since 2016, and the BOP has facilitated regular check-ins to monitor the status of his cancer. Opp. at 17. The notes from Lara's most recent

hematology appointment do not demonstrate that he has complications that would put him at risk of suffering severe symptoms from COVID-19.[2] *Id.* at 18; Gov't Exh. 7. The only comorbidity Lara presents with that is relevant to his susceptibility to COVID-19 is his weight. However, this Court and many others have held that being overweight or slightly obese alone does not constitute an extraordinary and compelling reason justifying compassionate release. *See United States v. Weller*, No. 12-cr-5154-W, ECF No. 113 at 3 (S.D. Cal. Nov. 20, 2020) ("A BMI of 30.7, with no other serious resulting conditions, fails to persuade the Court that it qualifies as 'extraordinary and compelling.'"); *United States v. Santillan-Lares*, No. 3:18-cr-4935-BTM, ECF No. 57 (S.D. Cal. Sept. 23, 3030) (denying compassionate release to an inmate whose medical records confirmed that her only underlying health condition was obesity). Even if his weight were taken alongside the possible impact of his previous cancer diagnosis, Lara's conditions do not present an extraordinary and compelling reason for release.

Lara also contends that his previous experience with COVID-19 and the past year of incarceration, which was particularly harsh, are extraordinary and compelling reasons for release. As noted, Lara tested positive for COVID-19 late last year. ECF No. 293 at 9–10; Opp. at 22. He states that since he recovered, he continues to experience pain underneath his ribcage about six to seven times per day. ECF No. 293-1 ¶¶ 5–7. Additionally, Lara points out that FCI Englewood experienced a widespread outbreak of COVID-19 that led to more than half of the inmates contracting the virus. ECF No. 293 at 10. While the Court does not condone any mishandling of the outbreak by FCI Englewood and Lara's continued illness is concerning, Lara has not demonstrated that the

---

[2] Lara notes that he continues to have intermittent levels of reduced white blood cells, ECF No. 295 at 3, but the Court cannot determine from this fact alone that he is immunocompromised such that he is particularly vulnerable to COVID-19.

8

conditions he faces are sufficiently serious to rise to the level extraordinary and compelling reasons for release.

Because Lara has not demonstrated extraordinary and compelling reasons for release, it is unnecessary for the Court to reach the parties' arguments about the sentencing factors or public safety under 18 U.S.C. § 3553.

### III. CONCLUSION

For the reasons set forth above, Lara's Motion for Compassionate Release is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 6, 2021

Hon. Gonzalo P. Curiel
United States District Judge